The opinion of the Court was delivered by
Bermudez, C. J.
This is an injunction suit to prevent the defendant from executing a judgment rendered on a conventional mortgage consented in 1870 and 1871. It. rests on the ground, that the land seized constitutes a homestead under the Act of 1865, E. S-; R. S. 1691.
Prom a judgment in favor of plaintiff, this appeal is taken.
It is unnecessary to pass upon all the defenses raised by the appellant. It suffices to iuquire aud determine whether the appellee has proved herself to be, in every respect, in the situation which the law contemplates, regarding the beneficiaries to the class of which she claims to belong, viz: whether she had “persons dependent on her for supporV
At the institution of this suit, the plaintiff had two daughters, one who had married several years previous, and another who married during.the pendency of this controversy. By the change in her condition since the suit-, the latter, like the former, has ceased to be dependent qn tbe plaintiff for support. Gessante ratione, cessat lex.
*1058 But it is claimed that the evidence shows the plaintiff had, besides, at that time, and still has two minor children, respectively aged eighteen and nine years, dependent upon her, whom she has raised from1 their infancy, the last of whom being still young and delicate.
It is not shown that those children have any sort of natural or legal claim for support against the plaintiff, as part of her family, within the intent and meaning of the law. 33 An. 320.
In its limited sense, the word family signifies the father, mother and children; in its ordinary acceptation, it means all the relatives who descend from a common root; in its most extensive scope, it comprehends all the individuals who live under the authority of another, including even servants. R. C. C. 3556, $ 12.
In the application of a Statute in derogation of common right, we cannot arrogate the authority to give of the word family, found in the law relied upon, such an enlarged definition as would malre it so far reaching, as to put in the power of any dishonest or unscrupulous debtor to avail himself, at his whim and caprice, of the protective provisions of a law of grace and benevolence. That law was intended solely for the relief of a few meritorious persons in necessitous circumstances, bound by nature, conscience or the law, to support persons incapable of earning a living, and necessarily, wholly dependent upon them for maintenance.
We think we are forbidden from straining the law, and that it is our duty to restrict its humane provisions to those persons only as are within its contemplation, and as are bound by some natural' or legal obligation to support others, uuable to provide for themselves, and who have, by their blood or the law, a claim against them for subsistence, which conscience or a court of justice would recognize and enforce.
Were we to give to the word family even its ordinary acceptation, that interpretation would not relieve the plaintiff. The children are not shown to be related to, or connected with, the plaintiff in any way. It appears, on the contrary, that they are strangers to the plaintiff and arc. the orphans of persons who died in her service, or that of some member of her family. •
Parties invoking the protection of the homestead laws, which are in derogation of common right and must be strictly construed, are required to prove that they come within both their spirit and letter. 21 An. 686; 28 An.'667, 594; 26 An. 610 ; 29 An. 64 ; 32 An. 805.
In such cases, it is essential that they should, among other facts, establish that the persons dependent on them are such as cannot and do not earn a living, and have a natural or legal claim for actual and necessary support. Husbaud, wife, ascendant, descendant, adopted *1059 child, donee, and possibly, destitute'and afflicted relatives, appear to us, as at present advised, to be the only persons who could come within the compass of the law. It. S. 1091; Act 52 1865, E. E.; E. C. C. 119, 229, 214, 1559, 3556, $ 12; 33 An. 320.
It is no doubt a laudable act of charity on the part of plaintiff to minister unto the wants and necessities of the children for whom she has assumed to provide ; but, however praiseworthy her conduct may be, the law, in its justice and wisdom, will not permit her to impose upon her honest creditors the burden of her bounty. She must be just before she can be generous.
It is, therefore, ordered and decreed, that the judgment appealed front be reversed, and it is now ordered, adjudged and decreed, that the injunction issued be dissolved, and that plaintiff’s demand be rejected, with costs in both Courts.
Mr. Justice Eenner recuses himself, on account of affinity.
Mr. Justice Todd dissents.
Note. — Mr. Justice Eenner having recused himself, and Mr. Justice Levy being absent, (on leave) and the remaining three members of the Court not concurring — Mr. Justice Todd dissenting — the Hon. John Clegg, Judge of the District Court for the Twenty-fifth Judicial District, was called upon by the Judges not recused, to sit in the place of the Judge recused, and to aid in the determination of the case, under the provisions of Article 85 of the Constitution; and he has done so, concurring with the Chief J ustice and Mr. J ustice Poché in the foregoing opinion and decree.